# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

**2017 AUG 10  PM 4: 18**

JEFF~~~ P. COLWELL
CLERK

BY_____DEP. CLK

Civil Action No.   17-cv-01634 _____

ERIC BRANDT _____, Plaintiff,

v.

JEFF STOVALL (AC9911) ,
Deputy Sheriff, in his official and individual capacity

CLIFF BROOKS (AC8405) ,
Deputy Sheriff, in his official and individual capacity

MICHAEL LEMCKE (AC0516) ,
Deputy Sheriff, in his official and individual capacity

DEAN DOMINGUEZ (AC0243) ,
Deputy Sheriff, in his official and individual capacity

STERLING BOOM (AC1427) ,
Deputy Sheriff, in his official and individual capacity

ROBERT NANNEY (possibly AC0313 or AC0318) ,
Deputy Sheriff, in his official and individual capacity

MICHAEL MCINTOSH ,
Sheriff, in his official and individual capacity

ADAMS COUNTY SHERIFF'S OFFICE ,
a municipality / county

ADAMS COUNTY, COLORADO , Defendant(s).
a municipality / county

(Rev. 07/06)

# COMPLAINT

## PARTIES

1.  Plaintiff   ERIC BRANDT                    is a citizen of THE UNITED STATES
    who presently resides at the following address:
    1781 WEST 54TH PLACE, DENVER, COLORADO 80221 ADAMS COUNTY

2   Defendant   JEFF STOVALL (AC9911)          is a citizen of THE UNITED STATES
    who presently resides at the following address:
    IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

2   Defendant   CLIFF BROOKS (AC8405)          is a citizen of THE UNITED STATES
    who presently resides at the following address:
    IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

2   Defendant   MICHAEL LEMCKE (AC0516)        is a citizen of THE UNITED STATES
    who presently resides at the following address:
    IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

2   Defendant   DEAN DOMINGUEZ (AC0243)        is a citizen of THE UNITED STATES
    who presently resides at the following address:
    IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

2   Defendant   STERLING BOOM (AC1427)         is a citizen of THE UNITED STATES
    who presently resides at the following address:
    IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

2   Defendant   ROBERT NANNEY (AC031[3,8?])    is a citizen of THE UNITED STATES
    who presently resides at the following address:
    IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

2   Defendant   MICHAEL MCINTOSH               is a citizen of THE UNITED STATES
    who presently resides at the following address:
    IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

(Rev. 07/06)

3    Defendant ADAMS COUNTY SHERIFF'S OFFICE is a municipality within COLORADO which is a State within the United States with office located at the following address: 332 N. 19th Ave. Brighton , CO 80601

3    Defendant ADAMS COUNTY is a municipality within COLORADO which is a State within the United States with office located at the following address: 4430 S. Adams County Pkwy. Brighton, CO 8060

## JURISDICTION

4.    Jurisdiction is asserted pursuant to following statutory authorities:

28 U.S.C. §§ 1331, 1343 and 1391

42 U.S.C. § 1988

42 U.S.C. § 1983

5.    Briefly, the background of this case is:

## TABLE OF CONTENTS

PARTIES.................................................................................................2
JURISDICTION.........................................................................................3
INTRODUCTION........................................................................................5
FACTUAL ALLEGATIONS............................................................................8
   GENERAL BACKGROUND.......................................................................8
   INCIDENT GIVING RISE TO INSTANT COMPLAINT.....................................10
   MUNICIPAL / COUNTY LIABILITY..........................................................14
STATEMENT OF CLAIMS FOR RELIEF..........................................................19
   FIRST CLAIM: FREE SPEECH VIOLATION................................................19
   SECOND CLAIM: RETALIATION FOR FREE SPEECH...................................22
   THIRD CLAIM: UNREASONABLE SEARCH/SEIZURE..................................25
   FOURTH CLAIM: MALICIOUS PROSECUTION...........................................26
   FIFTH CLAIM: FREEDOM OF ASSOCIATION.............................................27
   SIXTH CLAIM: FAILURE TO TRAIN / SUPERVISE......................................31
   SEVENTH CLAIM: CONSPIRACY AGAINST RIGHTS...................................34
REQUEST FOR RELIEF...............................................................................38

## TABLE OF EXHIBITS

EXHIBIT A   15M2903, PPL V BRANDT, COURT FILE EXCERPTS
EXHIBIT B   15M2904, PPL V BROWN, COURT FILE EXCERPTS
EXHIBIT C   LIST OF RELEVANT CASES OF ERIC BRANDT
EXHIBIT D   LIST OF RELEVANT CASES OF ADRIAN BROWN
EXHIBIT E   RELEVANT LOCAL MEDIA RE DEPUTY JEFF STOVALL

(Rev. 07/06)

1.      Plaintiff -Eric Brandt-, sui juris, pro se, non-lawyer litigant, is a natural living

person with standing.  Plaintiff stands now to claim he sustained injuries to his rights secured by

the First, Fourth and Fourteenth amendments to the United States Constitution, alleging each

were caused directly and/or indirectly and proximally by Defendants' actions and/or omissions

relating to Defendant Stovall's July 5, 2015 arrest of Plaintiff alleging "Disorderly Conduct".


2.      This is a civil rights action by Plaintiff for damages, declaratory and injunctive

relief, as well as fees and costs arising under 42 U.S.C. §§ 1983, 1988 and 28 U.S.C. § 2201 et

seq. due to Defendants violations of Plaintiff's rights secured by the First Amendment, the Fourth

Amendment, and the Fourteenth Amendment to the United States Constitution.


3.      Plaintiff's action herein is companion to Case Number 17-cv-01634 BRANDT V

STOVALL ET. AL. brought by Plaintiff's Associate, Eric Brandt, alleging substantially similar

injuries caused by the same Defendants under substantially the same circumstances and

stemming ultimately from the same actions of Defendants on the evening of July 5, 2015.


### INTRODUCTION

> "*The freedom of individuals to oppose or challenge police action
> without thereby risking arrest is one of the principal
> characteristics by which we distinguish a free nation from a police
> state.*"
>                         - Houston v. Hill, 482 U.S. 451, 462-63 (1987).

4.      For Plaintiff, -Eric Brandt-, and his Known Associate, Eric Brandt, it is

impossible to distinguish Adams County, Colorado from a Police State.  Plaintiff and his

Associate walk the streets and sidewalks of Adams County with clothing, signs, and banners

reading "FUCK COPS" or related messages.  Together with their voices, they speak out publicly

(Rev. 07/06)

to raise awareness about matters of great public concern – namely LAWLESSNESS,

BRUTALITY AND MISCONDUCT regularly engaged in by Officers and Officials in Adams

County, Colorado.  Because their speech is critical of Adams County Sheriff and Deputy Sheriffs

and other Adams County Officials, Adams County, Colorado; Adams County Sheriff's

Department, Adams County Sheriff Michael McIntosh and Various Deputy Sheriffs, Officials,

and Employees thereunder have waged a war against Plaintiff, his Associate and their known

associates, in an attempt to drive them from Adams County by harassing and arresting them

continuously.  Plaintiff brings this action stemming from just one of the endless instances of the

harassment that he has been subjected to by Adams County, Colorado through the customs,

procedures, policies engendered, nourished, and acted upon by Various Officers, Officials and

Employees.

      5.      This is the second action brought against Adams County Sheriff's Department by

Plaintiff.  The first action, which is currently pending before this Court, brings claims stemming

from Unconstitutionally applied arrests for Trespassing in response to panhandling activities at

the I76 and Sheridan Blvd Westbound Off-ramp (See 16-cv-00336 BROWN V. MCINTOSH

ET. AL.)

      6.      On July 5, 2015, at about 2145HRS, Plaintiff and his Associate were walking

home after spending the Fourth of July holiday with friends and family in Adams County,

Colorado.  At the intersection of 54th Place and Raritan Way, both men observed three Adams

County Sheriff's Department marked patrol vehicles leaving a location about one block south of

them.

(Rev. 07/06)

7.    As was customary, Plaintiff and his Associate were wearing fluorescent yellow-green shirts depicting an extended middle finger emblazoned with the text "FUCK COPS".  As was Plaintiff's custom, he extended his middle finger in the direction of the passing patrol vehicles.  His Associate, also in keeping with custom. rapidly sprung up his large "FUCK BAD COPS" flag.

8.    While the first two patrol vehicles sped past them to the north, the third screeched to a halt in the middle of the intersection.  Adams County Sheriff Deputy Jeff Stovall exited his vehicle and rushed toward Plaintiff screaming: "*What the fuck is your problem going around flipping me off like that*!", and:"*I know Adrian brown and he is an asshole!*"

9.    Plaintiff and his Associate, recognizing this encounter as potentially dangerous to their safety and/or liberty attempted to gain the attention of family and friends they had just left, or strangers, through loud remonstrations and pleas for help.

10.    Plaintiff's Associate began walking back to the house for help when he was snatched from behind, flipped around and shoved to the corner and forced to the ground. Plaintiff was immediately thereafter shoved to the ground; he was shoved down with such force as to fling open his backpack expelling everywhere its contents including his pack-pack passenger – his small black dog.

11.    Defendant Stovall unlawfully ordered both Plaintiff and his Associate to "*SHUT UP!*" or else they "*would be arrested for Disorderly Conduct and Disturbing the Peace.*".

Neither Plaintiff nor his Associate complied with the unlawful order; in fact they increased their pleas desperately hoping for witnesses to intervene or record the incident.

12.    Defendant Deputies Cliff Brooks, Michael Lemcke, Dean Dominguez, and Sterling Boom responded as cover officers and insulted and berated the Plaintiff and his Associate as Defendant Stovall prepared criminal citations and summonses. Plaintiff and his Associate were each cited with "Disorderly Conduct" and released on site.

13.    Finally, after seven months of prosecution, all charges against Plaintiff and his Associate stemming from this unlawful arrest were dismissed upon motions of the Prosecution in February 2016.

14.    This is a civil rights action by Plaintiff for damages, declaratory and injunctive relief, as well as fees and costs arising under 42 U.S.C. §§ 1983, 1988 and 28 U.S.C. § 2201 et seq. Due to Defendants violations of Plaintiff's rights secured by the First Amendment, the Fourth Amendment, and the Fourteenth Amendment to the United States Constitution.

## FACTUAL ALLEGATIONS

GENERAL BACKGROUND

15.    Plaintiff has been consistently harassed by Adams County Sheriff's Deputies, and Adams County, Colorado for exercising his liberties secured by the United States Constitution. Generally and primarily these incidents of abuse have been in response to: Declining to Obey

(Rev. 07/06)

Unlawful Orders; Obtaining Remedies through Court Processes; Free Expression; Free

Association; Assisting Others Facing Abuses by Police.

16.     Many officers have arrested Plaintiff because they personally dislike him, which

is largely due to the fact that Plaintiff and his Associate have substantially and repeatedly

assisted in the successful defenses of literally dozens of unlawful arrests and prosecutions of

themselves and numerous others in the Denver Metro Area.

17.     This is also largely due to the fact that Plaintiff frequently wears bright

fluorescent yellow/green clothing, and/or displays signs and/or banners, all over the region

emblazoned with a middle finger extended hand and the text "FUCK COPS";  many people call

911 or file complaints demanding officials take action to stop them.

18.     Since early 2014, Plaintiff, his Known Associate, and their closest other known

associates have had an unblemished 100% dismissal or acquittal record with Adams County

Courts.

19.     Plaintiff and his Associate incorporated a non-profit corporation in Colorado,

Survive Bad Cops, inc., to assist others, particularly the homeless, to overcome common barriers

to seeking legal justice.

20.     The situation has become intolerable to County Officials in recent months as

demonstrated by ever-escalating tactics including: violence, evidence tampering, false charges,

cover-ups, altered records, defamation of character, and more.

(Rev. 07/06)

21.     The escalated actions have been executed with coordination and collusion through

multiple local agencies and/or agents.


22.     The escalated actions have been brought against Plaintiff, his Associate, and

others found in their association.



INCIDENT GIVING RISE TO INSTANT COMPLAINT


23.     Plaintiff and his Associate had spent the Fourth of July, 2015, holiday visiting

friends and family at 1781 West 54th Place.


24.     On July 5, 2015 at about 2145hrs, Plaintiff as his Associate left and commenced

their two-mile walk home.


25.     Two houses away, at the intersection of 54th Place and Raritan Way, both men

observed three Adams County Marked Patrol Vehicles as they we leaving a location about one

block up-street.


26.     Plaintiff and his Associate were each wearing their customary yellow/green

"FUCK COPS" clothing.


27.     As the Deputies drove past, Plaintiff's Associate extended his middle finger

toward tne deputies in a silent of disapproval for abuses consistent with his habit and routine.


(Rev. 07/06)

28.    Plaintiff simultaneously sprung up his large "FUCK BAD COPS" demonstrational flag also consistent with habit and routine.

29.    Plaintiff's aim in these public demonstrations was to spread awareness of police brutality and misconduct.

30.    The first two marked patrol vehicles sped past the odious duo.

31.    The third Patrol Vehicle, however, came to a sudden screeching halt in the middle of the intersection.

32.    Defendant Adams County Sheriff Deputy, Jeff Stovall, in a flash, flung open his car door and came running at Plaintiff's Associate screaming profanities and demanding to know: "*What the fuck is wrong with you going around flipping me off like that!?*".

33.    Plaintiff's admonished Defendant Stovall asking: "*What the fuck is wrong with you that you would even stop him for doing it?*".

34.    Stovall responded: "*I know Adrian Brown, and he's an asshole!*"

35.    Both Plaintiff and his Associate began repeatedly chanting anti-police statements including: "*No Justice, No Peace, Fuck The Police!*" in an effort to draw attention of witnesses in earshot.

36.    Plaintiff' asked if he was a suspect in a crime.

(Rev. 07/06)

37.    Defendant Stovall responded that he was not.

38.    Defendant Stovall also responded by threatening arrests for "*Disorderly Conduct*" if they did not "*SHUT UP!*".

39.    Instead of stopping their remonstrations, both Plaintiff and his Associate increased the volume, intensity and urgency of their pleas for help in the hopes that bystanders would come to their aide – particularly their friends and family back at the house.

40.    Plaintiff began walking back toward house calling out for help.

41.    Suddenly, Plaintiff was snatched without warning from behind, flipped around, tossed toward the corner near Plaintiff's Associate and forced to the ground.

42.    Plaintiff's Associate was then likewise thrust to the ground next to Plaintiff

43.    The thrust was of such force as to fling open Plaintiff's Associate's backpack spilling its content everywhere.

44.    Plaintiff's Associate's little black dog was also thrown from the backpack onto the concrete.

45.    Defendant Stovall arrested Plaintiff and his Associate detaining them for about 45 minutes.

(Rev. 07/06)

46.     Numerous cover officers responded to the incident with sirens and flashing lights, obstructing traffic into or out of the area.

47.     Numerous neighbors exited their homes, observed from yards or windows, and indeed many appeared to be video recording the incident.

48.     Defendant Stovall sat in his patrol vehicle drafting criminal citations and summonses for Plaintiff and his Associate.

49.     Meanwhile, Defendant cover officers insulted, denigrated, and rebuked Plaintiff and his Associate for their message.

50.     Defendant cover officers made statements along the lines that Deputies were going to "*get rid of the Fuck the Cops Guys.*", or "*You won't be free for long, we're getting rid of you soon.*" or "*Sometimes things just happen' to people.*".

51.     Neither Plaintiff nor his Associate had violated any law or engaged in any activity to give rise to any probable cause for Defendant Officers to stop, detain or arrest them.

52.     Neither Plaintiff nor his Associate were carrying a weapon and in no way indicated they were dangerous or about to commit any crime.

53.     Defendant Stovall issued Plaintiff and his Associate each criminal citations and summonses subjecting them to criminal prosecution on the false allegations each had committed "Disorderly Conduct".

(Rev. 07/06)

54.     After being issued their citations and summonses, Plaintiff and his Associate returned to their friends home to update them on the incident before resuming their walk home.

55.     Plaintiff and his Associate were nervous and afraid completing their walk home due to the fact that Deputy Stovall was observed passing nearby several times along the way.

56.     The only bases for issuing Plaintiff and his Associate criminal citations for Disorderly Conduct were: (1) the expressive gestures and speech comprising anti-police messages, and (2) Defendant Stovall's disliking Plaintiff, his Associate, and their message.

57.     Stovall completed and submitted a written statement incident to this encounter ans issuance of these citations.

58.     Defendant Robert Nanney was Stovall's supervising officer on July 5, 2015.

59.     Nanney signed off and thus approved Defendant Stovall's arrests of Plaintiff and his Associate for "Disorderly Conduct".

60.     Plaintiff plead "NOT GUILTY" to the charge of Disorderly Conduct, and made numerous court appearances before his charges were ultimately dismissed by the Prosecution on February 25, 2016.

61.     Plaintiff's Associate plead "NOT GUILTY" to the charge of Disorderly Conduct, and made numerous court appearances before his charges were ultimately dismissed by the Prosecution on February 10, 2016.

(Rev. 07/06)

MUNICIPAL / COUNTY LIABILITY

62.    Defendants Adams County, Colorado and Adams County Sheriff's Department have a custom, practice and/or effective policy of arresting Plaintiff and/or his Associate for engaging in speech activity that is critical of Law Enforcement at public places in Adams County, Colorado.

63.    Specifically, Defendant County and Sheriff's Department have a custom, practice and/or effective policy of arresting Plaintiff and/or his Associate for displaying their "FUCK COPS" clothing, signs or banners; displaying middle finger hand gestures in Officer's direction; and for their harsh vocal criticism of Officers' unlawful abuses against persons in Adams County at public places in Adams County.

64.    Adams County Sheriff's Deputies have arrested Plaintiff, and together and/or separately his Associate innumerable times for expressing their "FUCK COPS" messages around the County before and since this incident.

65.    Adams County Sheriff's Deputies have targeted, and continue to target Plaintiff and his Associate because they engage in speech activity that is critical of Adams County and its Officers, Officials and Employees.

66.    Adams County's custom, practice and policy of harassing and/or arresting Plaintiff and his Associate for engaging in speech activities critical of Law Enforcement is demonstrated by the pattern of escalating tactics against Plaintiff, his Associate, and others associates.

(Rev. 07/06)

67.      Adams County has arrested or otherwise subjected Plaintiff to court processes numerous times in connection with his protected speech activities where he has prevailed 100% of the time.  (See Exhibit C: List of Relevant Cases of -Eric Brandt-)

68.      Numerous Adams County Sheriff Deputies are Defendants in already ongoing Section 1983 litigation filed in February, 2016 for nearly one dozen arrests while panhandling at I76 and Sheridan each dismissed as unconstitutional. (See Brown v McIntosh et al. 16-cv-00336)

69.      Adams County has arrested or otherwise subjected his Associate to court processes numerous times in connection with his protected speech activities and thus far has prevailed 100% of the time.  (See Exhibit D: List of Relevant Cases of Adrian Brown).

70.      Brandt has received judgment in his favor and admission of fault from Westminster Mayor Herb Atchison for silencing his speech at the open microphone on August 11, 2014. (See Brandt V Atchison 14-cv-02994)

71.      Brandt has received judgment in his favor and admission of fault from Westminster Police Officers Buckner and Stockman for their dual arrests October 31, 2014 in Westminster Parks for Brandt's display of the "FUCK COPS" message. (See Brandt v Buckner, Stockman 16-cv-00013).

72.      Brandt has currently active litigation in this Court for the Esslinger / Rush arrest on June 6, 2014 at 76th ave and Sheridan under nearly identical circumstances to the incident matters.  (See Brandt V Esslinger, Rush 16-cv-01356).

(Rev. 07/06)

73.     The extensive track records of Plaintiff and his Associate in Adams County and neighboring jurisdictions illuminates the reality that Adams County and Adams County Sheriff's Department, by and through its Chief Policy Maker / Chief Law Enforcement Officer – Sheriff Michael McIntosh, has established, ordained, fostered, nourished, encouraged, endorsed and ratified the fact that it is the custom, practice and de facto policy for Adams County to arrest, silence, harass and prosecute Plaintiff's and his Associate's lawful and protected expressive activities at public places in Adams County.

74.     It is further demonstrated that it is the custom, practice and policy of Adams County and Adams County Sheriff's Department to recklessly ignore not only the lessons which should be evident within Adams County's own records, but also to disregard and ignore the lessons learned at great expense by their neighbors regarding Plaintiff and his Associate.

75.     The fact that Deputy Jeff Stovall persisted for years exhibiting a documented pattern of substandard, irresponsible, erratic reckless, and outlandishly dangerous incompetence only to finally be terminated a full year following a Grand Jury Indictment, and the failure to independently and adequately review this incident before rubber-stamping the cases forward to the Courts is at least clear and compelling evidence that the failure to adequately train and supervise Law Enforcement Officers in Adams County is practically total; It is obviously the custom, policy and practice of Adams County and the Adams County Sheriff's Department to endanger the public through lack of adequate training, and lack of adequate supervision. (See Exhibit E: Relevant Local Media re Deputy Jeff Stovall)

76.     This is a systemic culture of power entitlement tantamount to actual policy and procedure of Adams County Sheriff's Office and Adams County.

77.     Defendants' arrest and prosecution of Plaintiff in the instant matter is among a series of abuses contributing to the substantial chilling of Plaintiff from engaging in First Amendment activities.

78.     Adams County IS A POLICE STATE which has no intentions of allowing good law to stand in the way of the tyrannical subjugation of the People in Adams County.

## STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS
### 42 U.S.C. § 1983 – First Amendment – Violation Regarding Free Speech / Expression
### (Against All Defendants)

79.    Plaintiff incorporates herein by reference all statements of fact previously set forth in each of the preceding paragraphs as if each were set fourth herein verbatim.

80.    Plaintiff's communication of a message by wearing a shirt emblazoned with a drawing of an extended middle finger with the text "FUCK COPS" is a silent symbolic gesture constituting expressive activity protected by the First Amendment to the United States Constitution and did not violate any laws.

81.    Plaintiffs communication of a message by displaying a flag depicting a middle finger and the words "FUCK COPS" was a silent symbolic gesture constituting expressive activity protected by the First Amendment to the United States Constitution and did not violate any laws.

82.    Plaintiffs vocal criticism speaking out against the arrests of his Associate and his himself was expressive activity protected by the First Amendment to the United States Constitution and did not violate any laws.

83.    Plaintiff acted lawfully at all times during this remonstration consisting of speech and/or expression related to matters of public concern, on a public sidewalk, in Adams County, Colorado – a quintessentially open public forum.

(Rev. 07/06)

84.    Defendants' issuance of citation and summons subjecting Plaintiff to the rigors, expenses, and consequences of criminal prosecution is a content-based or viewpoint-based restriction on speech, or both.

85.    By issuing a citation and summons to Plaintiff, subjecting him to criminal prosecution, Defendants denied him his right secured, guaranteed, and protected by the First Amendment to the United States Constitution.

86.    By having Plaintiff issued a citation and summons, subjecting him to prosecution, Defendants acting in concert with one another, prevented Plaintiff from speaking out on a matter of great public concern in a quintessentially open public forum.

87.    By charging, investigating, and prosecuting Plaintiff for his constitutionally-protected expressive activities, Defendants chilled Plaintiff from exercising his First Amendment rights.

88.    Plaintiff was prevented from speaking out on a matter of public concern while standing in a public place in Adams County, Colorado.

89.    The actions and/or omissions occurred while each Defendant was acting under color of State Law.

90.    As the Chief Policy Maker for Adams County Sheriff's Department, and the Chief Law Enforcement Policy Maker for Adams County, Colorado, based upon the unlawful actions of Defendants, consistent with the long train of abuses preceding and succeeding the actions

described in this Complaint, it is obviously the custom and practice – tantamount to de facto policy – of Adams County, Colorado, and Adams County Sheriff's Department, to deny Plaintiff and his Associate, and conceivably any one else, the right to speak out on matters of public concern in public places in Adams County, Colorado, in violation of the First Amendment to the United States Constitution.

91.    It is the custom, practice, and effective policy to arrest Plaintiff and his Associates for expressing their "FUCK COPS" message, whether through silent expressive gestures worn on clothing, displayed by signs, flags or banners, or put forth by self-extended middle finger or through vocal remonstrations in public places in Adams County, Colorado.

92.    The acts and/or omissions of Defendants Stovall, Brooks, Lemcke, Dominguez, Boom, Nanney, and McIntosh, engaged in pursuant to the customs, practices, and effective policies of Defendants Adams County Sheriff's Department, and Adams County, Colorado encourage, condone, tolerate, and/or ratify the restraint of speech and expressive activities by law enforcement officers of individuals expressing viewpoints critical of Defendants Adams County Sheriff's Department, and Adams County, Colorado and or its officers and/or exercising their rights of free speech and dissent.

93.    Plaintiff was prevented by Defendants from delivering his message in violation of the First Amendment to the United States Constitution.

(Rev. 07/06)

94.      Defendants acted intentionally, willfully, knowingly, recklessly, maliciously and

wantonly by accusing Plaintiff of unlawful behavior prior to, and during their unlawful arrest of

Plaintiff.

95.      Defendants acted under color of state law when they prevented Plaintiff from

delivering his message herein.

96.      Defendants' conduct violated clearly established rights secured for Plaintiff by the

United States Constitution, which any reasonable officer in their positions knew or certainly

should have known.

97.      Defendants' actions and/or omissions caused, directly or proximally, Plaintiff to

suffer significant injuries, damages and/or losses.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
### 42 U.S.C. § 1983 – First Amendment – Retaliation for Free Speech / Expression
### (Against All Defendants)

98.      Plaintiff incorporates herein by reference the allegations made in each of the

preceding paragraphs as if each were set fourth here verbatim.

99.      Plaintiff engaged in activity protected by the First Amendment by wearing a shirt,

a silent gesture, emblazoned with the drawing of and extended middle finger and the text "FUCK

COPS".

(Rev. 07/06)

100.    Plaintiff further engaged in activity protected by the First Amendment by displaying a silent gesture displaying a flag depicting a middle finger and the words "FUCK COPS".

101.    Plaintiff further engaged in activity protected by the First Amendment by speaking out vocally about a matter of great public concern – namely, the unlawful arrests of his Associate and himself.

102.    Plaintiff acted lawfully at all times during this remonstration of speech and expression were related to matters of public concern, on a public sidewalk, in Adams County, Colorado – a quintessentially open public forum.

103.    Defendants jointly and on their own accords responded to Plaintiff's First Amendment-protected activities with retaliation, including, but not limited to, detaining, arresting, charging, investigating, and prosecuting Plaintiff for his constitutionally protected expressive activities critical of the Defendants, without probable cause to believe he had engaged in any behavior giving rise to any violation.

104.    Defendants' retaliatory actions were substantially motivated by Plaintiff's exercise of his First Amendment Rights.

105.    By unlawfully citing, summoning, and causing, endorsing, or permitting the continued prosecution of Plaintiff, Defendants sought to punish Plaintiff for exercising his rights secured by the First Amendment of the United States Constitution and the future speech and

expression of others; Defendants' retaliatory actions would chill a person on ordinary firmness from engaging in such First Amendment-protected activity.

106.    The acts and/or omissions of Defendants Stovall, Brooks, Lemcke, Dominguez, Boom, Nanney, and McIntosh, engaged in pursuant to the customs, practices, and effective policies of Defendants Adams County Sheriff's Department, and Adams County, Colorado encourage, condone, tolerate, and/or ratify the restraint of speech and expressive activities by law enforcement officers of individuals expressing viewpoints critical of Defendants Adams County Sheriff's Department, and Adams County, Colorado and or its officers and/or exercising their rights of free speech and dissent.

107.    Defendants acted intentionally, willfully, knowingly, recklessly, maliciously and wantonly by accusing Plaintiff of unlawful behavior prior to, and during their unlawful arrest of Plaintiff in retaliation for his speech and/or expression protected by the First Amendment to the United States Constitution.

108.    Defendants acted under color of state law arresting and prosecuting Plaintiff in retaliation for his free speech, secured by Constitution.

109.    Defendants' conduct violated clearly established rights secured for Plaintiff by the United States Constitution, which any reasonable officer in their positions knew or certainly should have known.

110.    Defendants' actions and/or omissions caused, directly or proximally, Plaintiff to suffer significant injuries, damages and/or losses.

(Rev. 07/06)

### THIRD CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS
### 42 U.S.C. § 1983 – Fourth Amendment Unreasonable/Unlawful Search/Seizure Violation
### (Against All Defendants)

111.    Plaintiff incorporates herein by reference the allegations made in each of the preceding paragraphs as if each were set fourth here verbatim.

112.    The arrest of Plaintiff was motivated simply by Defendants' desires to deny him his rights under the First Amendment.

113.    As a result of Defendants' malicious prosecution of Plaintiff, Plaintiff has been subjected to unreasonable and unlawful seizure of his person in violation of the Fourth Amendment.

114.    The acts and/or omissions of Defendants Stovall, Brooks, Lemcke, Dominguez, Boom, Nanney, and McIntosh, engaged in pursuant to the customs, practices, and effective policies of Defendants Adams County Sheriff's Department, and Adams County, Colorado encourage, condone, tolerate, and/or ratify the unreasonable seizures by law enforcement officers of individuals expressing viewpoints critical of Defendants Adams County Sheriff's Department, and Adams County, Colorado and or its officers and/or exercising their rights of free speech and dissent.

115.    Defendants acted intentionally, willfully, knowingly, recklessly, maliciously and wantonly by accusing Plaintiff of unlawful behavior prior to, and during their unlawful arrest of Plaintiff.

116.    Defendants acted under color of state law during this unlawful detention, search, seizure and arrest of Plaintiff.

(Rev. 07/06)

117.     Defendants' actions and/or omissions caused, directly or proximally, Plaintiff to

suffer significant injuries, damages and/or losses.

**FOURTH CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**
**42 U.S.C. § 1983 – Fifth and Fourteenth Amendments**
**Procedural Due Process Violation: Malicious Prosecution**
**(Against All Defendants)**

118.     Plaintiff incorporates herein by reference the allegations made in each of the

preceding paragraphs as if each were set fourth here verbatim.

119.     Defendants commenced, or caused to be commenced, or allowed to be

commenced criminal prosecution without probable cause against Plaintiff, or any other legally

valid justification stemming from Defendant issuance of citation and summons July 5, 2015.

120.     As a result of Defendants' malicious prosecution of Plaintiff, Plaintiff has been

denied the due processes of the law in violation of the Fifth and Fourteenth Amendments.

121.     The criminal prosecution ultimately terminated in Plaintiff's favor by the

dismissal of his case.

122.     Defendants engaged in, authorized, endorsed, or permitted the conduct described

in this Complaint intentionally, willfully, recklessly and maliciously in wanton disregard of

rights secured for Plaintiff by the United States Constitution.

123.     The acts and/or omissions of Defendants Stovall, Brooks, Lemcke, Dominguez,

Boom, Nanney, and McIntosh, engaged in pursuant to the customs, practices, and effective

(Rev. C7/06)

policies of Defendants Adams County Sheriff's Department, and Adams County, Colorado encourage, condone, tolerate, and/or ratify the malicious prosecutions by law enforcement officers of individuals expressing viewpoints critical of Defendants Adams County Sheriff's Department, and Adams County, Colorado and or its officers and/or exercising their rights of free speech and dissent.

124.    Defendants acted under color of state law when causing and/or allowing Defendant Stovall's malicious prosecution of Plaintiff.

125.    Defendants conduct alleged herein violated Plaintiff's clearly established rights under the Fifth and/or Fourteenth Amendments, which any reasonable officers in their positions knew or certainly should have known.

### FIFTH CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS
### 42 U.S.C. § 1983 – First and Fourteenth Amendments
### Freedom of Association Violation
### (Against All Defendants)

126.    Plaintiff incorporates herein by reference the allegations made in each of the preceding paragraphs as if each were set fourth here verbatim.

127.    Prior to July 5, 2015, Defendants were quite familiar with Plaintiff his and Associate.

128.    This fact is well illustrated where Defendant Stovall admits in his official statement of this incident: "*I know Adrian Brown, and he's an asshole!*".

(Rev. 07/06)

129.    Defendants and Various Other Officers, Officials and Employees colloquially refer to the odious duo pejoratively as "The Fuck The Cops Guys".

130.    Defendant Law Enforcement Officers advised Plaintiff during this incident that if he and his "followers" did not stop "flipping them off" and "disturbing the public" (with their messages) that they (deputies) had the power to "make things happen".

131.    Remonstrations conducted almost daily by Plaintiff and associates regularly results in highly polarized and energetic responses by some members of the public.  Many contact Adams County Sheriff's Department through the County's 911 Emergency Dispatch Center to complaint and/or to demand Law Enforcement do something to arrest, stop, or otherwise silence their lawful expressive activities, whether alone or in association and assembly. Indeed many submit written complaints alleging violations of the law which routinely result in unlawful arrests and prosecutions.

132.    Both Plaintiff his Associates, have heretofore since early 2014, prevailed on every single allegation brought against them in Adams County, and the vast majority of allegations brought against them in other nearby jurisdictions.

133.    Defendants Adams County, Colorado;  Adams County Sheriff's Department; Micheal McIntosh; and Various Deputies and Employees thereunder, have warned numerous others found or thought to be in association with Plaintiff and his Associate that they are dangerous and/or that hanging out with them will result in contact, harassment and/or arrest.

(Rev. 07/06)

134.    Defendants Adams County, Colorado;  Adams County Sheriff's Department; Micheal McIntosh; and Various Deputies and Employees thereunder, have advised numerous others found or thought to be in association with Plaintiff and his Associate that if any harm were to come their way, there would be no related reports or arrests made.

135.    Defendants Adams County, Colorado; Adams County Sheriff's Department; Micheal McIntosh; and Various Deputies and Employees thereunder, have followed through with contacts, harassment and unlawful arrests of numerous other found or thought to be in association with Plaintiff and his Associate including but not limited to: Zechariah Brown (Mr. Brown's Brother), Jenna Brown (Mr. Brown's Sister), Jennifer Duvall (Mr. Brown's Significant Other), David Kohs (Mr. Brown and Mr. Brandt's Landlord), James Balenfinsien (Mr. Brown and Mr. Brandt's Roommate), Austin Johnson, Nicholas Stanley, Josh Condiatti-Wade (Each close friends of Mr. Brown and Mr. Brandt), Pam Frisbie, Joseph Frisbie, Alex Gomez, Catherine Perales (each local homeless neighbors).

136.    Defendants' actions of contacting, warning, harassing and/or arresting those found to be or thought to be in association would chill a person of ordinary firmness from further association with Plaintiff and his Associate.

137.    The acts and/or omissions of Defendants Stovall, Brooks, Lemcke, Dominguez, Boom, Nanney, and McIntosh, engaged in pursuant to the customs, practices, and effective policies of Defendants Adams County Sheriff's Department, and Adams County, Colorado encourage, condone, tolerate, and/or ratify the malicious prosecutions by law enforcement officers of individuals expressing viewpoints critical of Defendants Adams County Sheriff's

Department, and Adams County, Colorado and or its officers and/or exercising their rights of
free speech and dissent.

138.    Defendants acted under color of state law during each of these encounters.

139.    Plaintiff suffered deprivation of his rights to the freedom of association under the
First and Fourteenth Amendments as a consequence of the Defendants' contacting, warring,
harassing and/or arresting persons found to be or thought to be in association with them.

140.    As a direct and proximate cause of the unlawful actions of the Defendants,
Plaintiff suffered, and continues to suffer injuries, damages and/or losses.

141.    Defendants' conduct violated clearly established rights secured for Plaintiff by the
United States Constitution, which any reasonable officer in their positions knew or certainly
should have known.

## SIXTH CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
### 42 U.S.C. § 1983 – Substantive Due Process: Failure to Train / Supervise
### (Against Defendants Adams County, Colorado; Adams County Sheriff's Department, Sheriff Michael McIntosh, and Supervisor Robert Nanney)

142.    Plaintiff incorporates herein by reference the allegations made in each of the preceding paragraphs as if each were set fourth here verbatim.

143.    Prior to July 5, 2015, Defendants Adams County, Colorado; Adams County Sheriff's Department and Adams County Sheriff Michael McIntosh developed, fostered and maintained customs, practices and effectively policies exhibiting deliberate indifference to the constitutional rights of persons in Adams County, which caused the violations of Plaintiff's rights.

144.    Supervisors at Adams County had direct or constructive knowledge of Defendant Stovall's actions against Plaintiff in this incident, and that those actions constituted violations of Plaintiffs constitutional rights. Thus they ratified the Defendant Officers' unconstitutional actions.

145.    Indeed Supervising Officer Defendant Nanney, by his signatures, approved, endorsed, and ratified the citations against both Plaintiff and his Associate within that very night.

146.    Most alarmingly, at all times relevant to this Complaint, Adams County, Colorado, Adams County Sheriff's Department, Adams County Sheriff Micheal McIntosh and Supervisor Deputy Robert Nanney and Various Other Officers and Employees thereunder were aware that Defendant Deputy Jeff Stovall had a long history of complaints and abuses and

(Rev. 07/06)

"accidents" including Defendant Stovall: had contaminated an inmate's coffee with pepper spray; had discharged his weapon through his own fingers at the shooting range; had seriously injured an arrestee when his fully automatic rifle became encumbered on his equipment belt pelting numerous rounds into the suspects leg; had engaged in a wrongful double home invasion quite to the alarm of the occupants sleeping in their bedrooms resulting in civil action against Stovall and Adams County; had committed an egregious assault on a citizen caught on surveillance camera almost two months prior to this incident which resulted in a Grand Jury Indictment and criminal prosecution; had lost numerous hours of pay for traffic violations; had been removed from numerous positions as a training officer, drug task force officer, and S.W.A.T. Officer.

147.    Despite the clear, documented pattern of blatant disregard for the rights, and safety of the people in Adams County at the hands of Defendant Stovall, Defendants each maintained a custom, practice and effective policy of failing to provide Defendant Law Enforcement Officers, and especially Defendant Stovall, adequate training, supervision, discipline, suspension. or discharge necessary to protect the public, thereby failing, neglecting and/or refusing to protect Plaintiff's rights secured by the United States Constitution.

148.    Defendants Adams County, Colorado, Adams County Sheriff's Department, Adams County Sheriff Michael McIntosh, and Supervisor Deputy Sheriff Robert Nanney through actions and/or omissions amounting to custom. practice and effective policy, demonstrate a deliberate indifference to the rights, securities and protections of persons within Adams County which were guaranteed by the United States Constitution, and thereby caused the violations of the Plaintiff's rights alleged herein.

(Rev. 07/06)

149.    Defendants Adams County. Colorado, Adams County Sheriff's Department, Adams County Sheriff Michael McIntosh, and Supervisor Deputy Sheriff Robert Nanney through actions and/or omissions espouse, implement, foster and indeed nourish a dangerous culture of power entitlement repugnant to civilized society and tantamount to the Police State far too long obvious to Plaintiff and his Associates.

150.    Defendants Adams County, Colorado, Adams County Sheriff's Department, Adams County Sheriff Michael McIntosh, and Supervisor Deputy Sheriff Robert Nanney each acted under color of state law when they failed to adequately train and/or supervise Defendant Officers herein.

151.    Defendants Adams County, Colorado and Adams County Sheriff's Department are municipalities in the State of Colorado and thus are appropriate Defendants under 42 U.S.C. 1983, and liable for injuries where failure, neglect, or refusal to adequately train and/or supervise and/or discharge employees is caused by custom, practice, procedure and/or policy of the municipality.

152.    The long, well established pattern of Defendant Stovall's incompetence prior to, throughout and following this instant matter, particularly Defendant Nanney's approval of Plaintiff's and his Associate's citations by Defendant Stovall demonstrates that inadequate training and supervision is in fact the effective policy of Defendants Adams County and Adams County Sheriff's Office.

(Rev 07/06)

153.    Defendants acted under color of state law where they acted pursuant to the effective custom, practice and/or policy of failing to provide adequate training and supervision to Defendant Officers resulting in the deprivation of Plaintiff's rights herein.

154.    Plaintiff suffered deprivation of his rights to Substantive Due Process under the Fourth, Fifth, and Fourteenth Amendments as a consequence of the Defendants' effective custom, practice and/or policy of inadequate training and/or supervision and/or discharge.

155.    Plaintiff sustained damages to liberty and/or property directly and indirectly as a proximal result of Defendants' customs, practices and effective policies.

156.    Defendants' conduct violated clearly established rights secured for Plaintiff by the United States Constitution, which any reasonable officer in their positions knew or certainly should have known.

### SEVENTH CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS
### 42 U.S.C. § 1983 – Substantive Due Process: Conspiracy Against Rights
### (Against All Defendants)

157.    Plaintiff incorporates herein by reference the allegations made in each of the preceding paragraphs as if each were set fourth here verbatim.

158.    Defendants conspired for the purposes of retaliating against Plaintiff for exercising his rights under the First Amendment, depriving Plaintiff of his rights under the Fourth Amendment to be free from unreasonable search and seizure, and denying Plaintiff his

rights under the Fifth and Fourteenth Amendments to the due processes of the law; this conspiracy is ongoing to this day.

159.    In furtherance of this ongoing conspiracy, Defendants Adams County, Colorado; Adams County Sheriff's Department; Micheal McIntosh; and Various Deputies and Employees thereunder, pretextually, and post-textually have engaged in unlawful arrests of Plaintiff, his Associate, and others in association as described in Exhibits C and D – Relevant Cases of Eric Brandt and Adrian Brown, which Plaintiff fully incorporated herein.

160.    In furtherance of this ongoing conspiracy, Defendants Adams County, Colorado; Adams County Sheriff's Department; Micheal McIntosh; and Various Deputies and Employees thereunder, pretextually, coincidentally, and post-textually engaged in conduct against Plaintiff's Associate Adrian Brown as alleged and incorporated herein by reference as if each were set fourth here verbatim from his companion case 17-cv-1635.

161.    In furtherance of this ongoing conspiracy, Defendants Adams County, Colorado; Adams County Sheriff's Department; Micheal McIntosh; and Various Deputies and Employees thereunder, pretextually, coincidentally, and/or post-textually engaged in conduct against Plaintiff's Brother Zach Brown, Plaintiff's Sister Jenna Brown, Plaintiff's Associates Jennifer Duvall, Austin Johnson, David Kohs, Catherine Perales, Alex Gomez, Dora Faulkner and harassed and/or initiated municipal charges against them. Petitions for relief are anticipated for each of those criminal prosecutions which have or will have ultimately terminated in their favors.

(Rev. 07/06)

162.    Plaintiff asks leave of the Court to amend Exhibits C and D to include new pending cases against Plaintiff and his Associate in furtherance of the conspiracy against their rights when it is deemed appropriate by defense councils thereon to disclose publicly those details.

163.    Defendants actions and/or omissions were under color of state law when they colluded, conspired, allowed and/or endorsed the unlawful detentions, searches, seizures, arrests and prosecutions of Plaintiff and his Associate.

164.    As a direct and proximate cause of the unlawful actions of the Defendants, Plaintiff suffered, and continues to suffer injuries, damages and/or losses.

165.    Defendants' conduct violated clearly established rights secured for Plaintiff by the United States Constitution, which any reasonable officer in their positions knew or certainly should have known.

(Rev. 07/06)

# REQUEST FOR RELIEF

166.    WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his

favor and against Defendants, and grant:

    (a)  Appropriate declaratory and other injunctive and/or equitable relief;

    (b)  Compensatory and consequential damages, including damages for emotional
distress, loss of reputation, humiliation, losses of enjoyment of life, and other
pain and suffering on all claims allowed by law in an amount to be
determined at trial;

    (c)  All economic losses on claims allowed by law;

    (d)  Punitive damages on all claims allowed by law and in an amount to be
determined at trial;

    (e)  Attorney's fees and the costs associated with this action, including but not
limited to those associated with having to defend against the false criminal
charges as well as consultation costs, paralegal costs, investigatory costs,
deposition costs, witness fees, expert witness fees, on all claims allowed by
law;

    (f)  Pre- and post- judgment interest at the lawful rate; and

    (g)  Any further relief this Court deems just and proper, and any other relief
allowed by law.

Date: _____        _____
                                   (Plaintiff's Original Signature)

                                   1871 West 54th Place
                                   (Street Address)

                                   Denver, Colorado, 80221
                                   (City, State, ZIP)

                                   (303) 433 - 3553
                                   (Telephone Number)

(Rev. 07/06)