*FOR 17-CV-1634 BRANDT*

**EXHIBIT A    15M2903, PPL V BRANDT COURT FILE EXCERPTS**

# EXHIBIT COVER SHEET

EXHIBIT A:              15M2903 PPL V BRANDT COURT FILE EXCERPTS

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 11 2017

JEFFREY P. COLWELL
CLERK

EXHIBIT A.1          BRANDT CITATION AND SUMMONS

EXHIBIT A.2          BRANDT ARREST REPORT

EXHIBIT A.3          OFFICERS' REPORTS

EXHIBIT A.4          15M2903 BRANDT LETTER, D.A. DISM

EXHIBIT A.5          15M2903  BRANDT REG OF ACTION

*REFERENCE AND INCORPORATE*
*FROM 17-CV-01635 BROWN CASE*

**EXHIBIT B    15M2904, PPL V BROWN COURT FILE EXCERPTS**

# EXHIBIT COVER SHEET

EXHIBIT B:            15M2904 PPL V BROWN COURT FILE EXCERPTS

    EXHIBIT B.1            BROWN CITATION AND SUMMONS

    EXHIBIT B.2            BROWN ARREST REPORT

    EXHIBIT B.3            OFFICERS' REPORTS

    EXHIBIT B.4            15M2904 BROWN LETTER, D.A. DISM

    EXHIBIT B.5            15M2904  BROWN REG OF ACTION

*REFERENCE AND INCORPORATE FROM 17-CV-1635- BROWN CASE*

17-cv-01634 BRANDT V STOVALL ET AL    EXHIBIT COVER SHEET    EXHIBIT B – 15M2904
17-cv-01635 BROWN V STOVALL ET AL                        CASE FILE PEOPLE V BROWN

# EXHIBIT C   LIST OF RELEVANT ERIC BRANDT CASES

**U.S. DIST       17-cv-01635   BRANDT V STOVALL ET. AL.**
      COMPANION:      17-cv-01634, BROWN V. STOVALL ET. AL.
      DESCRIPTION:    §1983 action against Adams County for redress following unlawful arrest
                               for disorderly conduct at the intersection of 54th Place and Raritan Way
                               in retaliation for silent symbolic expressive gestures displayed on
                               clothing, flags, and by hand leading to vocal remonstrations against the
                               ensuing unlawful detention.

      STATUS:          NEW

**U.S. DIST       16-cv-01356   BRANDT V RUSH, ESSLINGER**
      DESCRIPTION:    §1983 action against Westminster under very similar circumstances to the
                               Stovall  matter where SGT Esslinger and OFC Rush unlawfully arrested
                               Brandt simply because he was carrying an enormous styrofoam middle
                               finger reading "FUCK COPS" on a public sidewalk at 76th Avenue and
                               Sheridan Blvd 2014JUN06.

      STATUS:          DISCOVERY / DEPOSITIONS

**U.S. DIST       16-cv-00013   BRANDT V. BUCKNER, STOCKMAN**
      DESCRIPTION     §1983 action against Westminster following two back-to-back unlawful
                                 arrests for disorderly conduct in two separate City Parks within the same
                                 day.  First in Irving Park the morning of October 31, 2014 by SGT
                               Buckner and then again, that evening, in England Park by Officer Rodger
                                 Stockman, both arrests for no other reason than Mr. Brandt's silent,
                                 expressive gestures displaying clothing and signs reading "fuck cops".

      STATUS:          ENTRY OF JUDGMENT IN FAVOR OF MR. BRANDT;
                               DAMAGES AWARDED IN SETTLEMENT AGREEMENT

**U S. DIST       14-cv-02994   BRANDT V ATCHISON ET. AL.**
      DESCRIPTION:    §1983 action against Westminster Mayor Herb Atchison for prematurely
                                 interrupting Brandt at the 2014AUG11 City Council Public Comment by
                                 ordering him to stop speaking about police brutality in Westminster and
                                 subsequently and unlawfully ordering his arrest when he refuses to stop,
                               continuing his speech even as he is drug away in handcuffs.

      STATUS:          SUMMARY JUDGMENT FOR PLAINTIFF;
      JURY TRIAL DOCKET 2018JAN28 TO DETERMINE DAMAGES

# EXHIBIT C  LIST OF RELEVANT ERIC BRANDT CASES

ADAMS COUNTY   2016C1649    FM DAY TRO

DESCRIPTION:    On 2016SEP15, Mr. Brandt was served a Temporary Order of Protection
preventing him from traveling on the sidewalks ADJACENT to the FM
DAY School.  This TRO was obtained after Mr. Brandt had merely
walked past the school on 2016AUG24 where Deputies Duran and Mesch
advised the school they could do nothing but urged the school to seek a
civil protection order.  The School testified they needed the order so they
could "cuff and stuff" Mr. Brandt if he walked past again and sought 200
yards around every school.  The greatest danger proposed was that
parents were asking questions and there was no fear of imminent bodily
injury and that the court's paperwork did not match their situation.
Magistrate Simonette reluctantly granted the temporary order but stated
Mr. Brandt has a free speech right to protest on sidewalks.  She limited
the order to just this school, and just their adjacent sidewalks.  No person
from the school appeared for the Permanent Protection Order hearing
2016SEP29 and the protection order was vacated by the Court.

Incidentally, On 2016AUG24, immediately after Mr. Brandt got into the
van arriving to pick him up and his driver Deputy Mesch stopped him in
front of the school stating probable cause for the stop was that he had
information Mr. Kohs might be driving without valid insurance.  Mr.
Brandt protested the stop from the back hatch of the van as Mesch wrote
Kohs a citation wrongfully alleging he had failed to obey a stop sign.  Mr.
Kohs was properly insured at he time of the stop.  This marked the
second of now three retaliatory arrests of Mr. Brandt's driver, David Kohs
and the second arrest involving Deputy Mesch.

During the time the temporary order was active, however, Adams County
Sheriff's Office wrongfully leveraged the order as they intended to use it
to TWICE "Cuff and Stuff" Mr. Brandt.  On 2016SEP28, Mr. Brandt was
wrongfully arrested for walking on a nearby but non-adjacent sidewalk –
well outside the proscribed area.  Then deputies Duran, Hill and Mesch,
filed for an arrest warrant on 2016SEP29 falsely alleging Mr. Brandt, on
2016SEP28 had used a megaphone to repeatedly scream at protected
party – Principal Bucher : "You fucked up today Mr. Bucher and I am
coming for you!"  The warrant was executed at Mr. Brandt's home on
2016OCT02 by Deputy Mesch.

This case demonstrates an orchestrated, multi-agency, conspiracy to
intentionally deprive Mr. Brandt and Mr. Brown and their associates of
their rights secured by Constitutions.

STATUS:    CIVIL LITIGATION PENDING

# EXHIBIT C   LIST OF RELEVANT ERIC BRANDT CASES

| ADAMS COUNTY | 2016M4318 FM DAY – PROTECTION ORDER VIOLATION #1 |
|---|---|

DESCRIPTION:    Criminal proceedings stemming from a demonstration action 2016SEP28 near FM DAY Elementary School where Mr. Brandt was walking through the neighborhood on a public sidewalk across the street from the school participating in a lawful demonstration and assembly seeking redress of grievances. Mr. Brandt was arrested by Adams County Sheriff Deputy Bishop alleging he had violated an active temporary protection order by walking on a sidewalk across the street from the school. Mr. Brandt was released from custody about 30 minutes after his arrest where Deputy Bishop read the details of the protection order as advised by Brandt and realized that the proximity provision was limited to only those sidewalks adjacent to the school property.

As Mr. Brandt had not traveled upon any sidewalks adjacent to to the school, Mr. Brandt was released, and  due to the fact that during his in-custody detention, Jenna Brown and Adrian Brown had each been falsely arrested for jaywalking, Mr. Brandt remained across the street and was now vocally protesting law enforcement directly. A short time later, Jennifer Duvall, who was now the only remaining journalist, and collecting content for a story, was wrongfully charged with Loitering Near Schools despite the statutory affirmative defense for demonstrations seeking redress of grievances. Jenna Brown was released without a citation, Jennifer Duvall was cited and released, and Adrian Brown was taken to jail for Jaywalking, obstruction, resisting arrest and loitering near schools.

This incident marked the third filing of criminal charges against Jennifer Duvall by Adams County adding to the 2016JUN10, and 2016JUL01 arrests for Trespassing while panhandling at I76 and Sheridan. This also marks the third wrongful arrest of Jenna Brown, Adrian Brown's sister, in retaliation: Child Abuse – Dismissed, Jaywalking – Dismissed, and this in-custody detention for jaywalking and on-site release.

Contributing to the long-running conspiracy against rights by Adams County Sheriff's Office, this case also demonstrates escalation to an orchestrated, multi-agency, conspiracy intended to deprive Mr. Brandt, Mr. Brown and their associates of their rights secured by Constitutions as well as to neglect to properly train and supervise deputies at he expense of the Public's welbeing. The misapplication of 803(3) jaywalking code is so systemic as to effectively constitute a policy.

STATUS:    PENDING TRIALS, ACQUITTALS PROBABLE;
CIVIL ACTION PENDING FOR MULTIPLE PLAINTIFFS

# EXHIBIT C   LIST OF RELEVANT ERIC BRANDT CASES

<u>ADAMS COUNTY</u>          2016M4318    FM DAY – PROTECTION ORDER VIOLATION #2
  
DESCRIPTION:    Criminal proceedings stemming from the warrant arrest of Eric Brandt at
his home by Deputy Robert Mesch 2016OCT02 alleging Protection
Order Violation.  Yet another Deputy Mesch incident, this arrest
demonstrates Deputy Mesch is a skilled and experienced liar.  He arrives
at the house by himself despite long-running assertions that Mr. Brandt
had violent interactions with him.  Mesch lies to Brandt for seven
minutes trying to trick him into coming over to him.  When he finally
comes clean about the warrant, Brandt simply peacefully complies.

This incident has serious issues which due to the pending criminal
prosecution on the matter cannot be shared at this time, and Mr. Brown
and Mr. Brandt ask leave of the Court to amend this case summary when
appropriate to disclose.

This case contributes to the long-running conspiracy against rights by
Adams County Sheriff's Office.

STATUS:    TRIAL BY JURY ANTICIPATED AROUND 2017OCT
ACQUITTAL ANTICIPATED;
CIVIL LITIGATION PENDING ACQUITTAL


<u>ADAMS COUNTY</u>          2016M1324    TRIPLE TRESPASS, BROWN, BRANDT, JOHNSON
  
DESCRIPTION:    Criminal proceedings stemming from 2016MAY13 Adams County
Deputies arrest Adrian Brown, and also Eric Brandt, and also Austin
Johnson, each for "trespassing" at the I76-Sheridan off-ramp location for
which Adrian Brown filed suit only a month earlier.  All charges against
each defendant dismissed in an unusual move by the Court at the first
Dispositional Setting citing Brandt's February victory where this charge
was once again found to be "Unconstitutionally Applied".

This case contributes to the long-running conspiracy against rights by
Adams County Sheriff's Office.

STATUS:    CIVIL LITIGATION PENDING

# EXHIBIT C  LIST OF RELEVANT ERIC BRANDT CASES

**ADAMS COUNTY**          **2016M168     OBSTRUCTION**

DESCRIPTION:     When Mr. Brandt noticed a traffic stop in progress and stood silently on
the sidewalk 45 feet away from the officer, Deputy Von Feldt instructed
him he must go 100 YARDS away.  Brandt's refusal to do so resulted in
seven or more deputies including Ehler and SGT Austin reporting to the
scene.  After slapping the statute book on the hood of the patrol vehicle
shouting gleefully: "We're gonna find a good one for ya, Eric!", deputies
throw a gamut of potential charges at the wall including obstructing
traffic, pedestrian in a roadway, disturbing the peace, and disorderly
conduct.  After more than 45 minutes, officers decide "Obstruction" will
stick because the deputy had to release his traffic stop suspect without a
citation for speeding because he was forced to focus on Brandt for officer
safety.  Jury acquits Brandt during November 2016 trial.

This case contributes to the long-running conspiracy against rights by
Adams County Sheriff's Office.  It further demonstrates a lack of
supervision and training where the sergeant was involved directly in the
misconduct.

STATUS:          CIVIL LITIGATION PENDING


**ADAMS COUNTY**          **2016M5359   GLOBAL ACADEMY - LOITERING**

DESCRIPTION:     Mere days following reversal on appeal where Mr. Brandt had been
convicted Loitering Near Schools for walking past Westminster High
School in April 2014, on 2016DEC09, Mr. Brandt is again arrested and
charged with Loitering Near Schools.  The appeal opinion states clearly
that a solitary picketer could not reasonably form a significant disruption
to the schools activities.  The Judge further provides that once several
school administrators and several police officers arrive to confront the
picketer, the disruption is certainly as much of not more the responsibility
of the school and police.

On this date, school officials write in their statements that after contacting
Mr. Brandt, who was sitting silently on a bench holding a protest sign,
they acknowledge that Mr. Brandt is conducting a "silent protest" and
that he is exercising his rights to free speech.  Nevertheless, numerous
school officials and some fifteen Adams County Sheriff Deputies
confront the solitary Mr. Brandt and order him under threat of arrest to
the sidewalk.  Mr. Brandt, still a solitary demonstrator, complies with the
order and remaining on the sidewalk, now engages in vocal, harsh
criticism of the school officials and law enforcement for once again
ignoring the law and constitution.

# EXHIBIT C  LIST OF RELEVANT ERIC BRANDT CASES

The officers blocked off the entire parking lot creating a gridlock on Broadway and isolating students from their buses and parents at the end of the school day.  Ultimately, Commander Maple orders Brandt be arrested.

This massive half-hour disruption ends with Mr. Brandt being arrested for disturbing the peace, loitering near schools, and interference with school functions and contributes heavily to the the concerted and intentional efforts of Adams County to conspire against Mr. Brandt's rights.

STATUS:            TRIAL PENDING; ACQUITTAL ANTICIPATED;
                   CIVIL LITIGATION PENDING ACQUITTALS

ADAMS COUNTY      2016C2275    GLOBAL ACADEMY – TRO
DESCRIPTION:      As with FM DAY ELEMENTARY, Adams County Sheriff Deputies urge school officials with Mapleton Schools Global Academy to seek a civil protection order against Mr. Brandt.  Having already learned lessons from the FM DAY School protection order incidents, this case, heard exparte by Magistrate Leow, results in two remarkable outcomes: First – The Magistrate, who had already reviews the provisions for such an order prior to taking the bench, and then took a recess to do more review on the standard and thresholds for such an order, returns to the bench and DENIES the protection order finding insufficient showing of risk of imminent bodily injury.  Second – this marks the first time there is an open record implicating an Adams County Judicial Officer directly conspiring against Eric Brandt.  Magistrate Leow advises the school she is very sorry she cannot grant the protection order.  She goes on to add that she too would not like her children to see Mr. Brandt's protests and since it appears likely Mr. Brandt will be encountered against in the future, she advises the school to try and come back with more factual basis – perhaps enough factual basis to support not just a protection order, but a criminal charge of stalking children.

This case, crossing inter-agency and judiciary boundaries, is an alarming demonstration of escalating efforts in Adams County to do what ever it takes to get rid of Eric Brandt and Adrian Brown and comes at the dawn of a new era of a massive, relentless, and very dangerous string of felony arrests and bond snafus where Mr. Brandt and Mr. Brown risk many decades in prison in retaliation for speech.

STATUS:            CIVIL LITIGATION PENDING

# EXHIBIT C   LIST OF RELEVANT ERIC BRANDT CASES

**ADAMS COUNTY**          2015M3714    TRESPASS AT I76 AND SHERIDAN, MESCH

DESCRIPTION:      Immediately following the 2015AUG23 and 24 arrests of Adrian Brown
for Trespass at I76 and Sheridan involving Deputy Robert Mesch, he then
arrests Brandt for speech activities at I76 and Sheridan Off-ramp
protesting these continued unconstitutional arrests of homeless persons
panhandling at the same location. In his February 5, 2016 motions
hearing in front of Judge Doyle, Brandt becomes the first Non-Brown-
Brother to prevail on this charge setting the stage for all subsequent such
charges to date against any defendant to be dismissed by the Courts sua
sponte early in the proceedings.

This case contributes to the long-running conspiracy against rights by
Adams County Sheriff's Office.

STATUS:      CIVIL LITIGATION PENDING;


**ADAMS COUNTY**          2015M2903    STOVALL AT 54TH AND RARITASN

DESCRIPTION:      Companion to Adrian Brown's 15M2904 case, this is the case giving rise
ti the incident matter, Adams County Deputy Jeff Stovall arrests Brandt
and Adrian Brown for speech activities at the corner of 54th Place and
Raritan Way which is the action giving rise to the companion Section
1983 lawsuits filed by Adrian Brown and Eric Brandt on July 5, 2017. Of
course, these charges were dismissed by prosecution in February, 2016.

This case contributes to the long-running custom and practice by Adams
County Sheriff's Office to retain problematic to neglect to properly train,
supervise and discharge deputies at he expense of the Public's welbeing.

STATUS:      CIVIL ACTION COMMENCED


**ADAMS COUNTY**          2014M2507    NOT CHAINED UP AT GREAT SCOTT'S

DESCRIPTION:      Adams County files false charges alleging Brandt chained himself to a
light pole at Great Scott's Eatery and remained on the property until
arrested. The arresting deputy instructed his cover officer to go get a
statement from the reporting manager and make sure he puts in his
statement that he repeatedly ordered Mr. Brandt to leave the property but
he refused. 911 Dispatch recording of complaining restaurant manager
proved Deputies lied, exhonorating Brandt as he provides a play-by-play
of Brandt's movements down the sidewalk of Pecos Blvd traveling more
than a quarter mile away from the property. Charges dismissed upon
prosecution listening to dispatch recording. Sadly, Deadline for filing

# EXHIBIT C   LIST OF RELEVANT ERIC BRANDT CASES

claim unfortunately passed while Brandt was unable to commence claim. Offending officers slip through the cracks – again!

This case, unfortunately barred from civil action, is an outstanding example of the systemic dishonesty of Adams County Sheriff's Office and contributes substantially to the conspiracy against Mr. Brandt and Mr. Brown's rights

STATUS:          ACTION BARRED BY EXPIRED STATUE OF LIMITATIONS

<u>ADAMS COUNTY</u>          <u>16R855</u>          <u>JAYWALKING 71ST AND PECOS - BONDER / STAPP</u>
    DESCRIPTION:     Adams County files bogus jay-walking charges in response to citizen calls to 911 reporting Brandt sightings at 72nd and Pecos. Some eight Adams County Sheriff's Deputies in marked and unmarked patrol cars completely obstruct a 7-11 parking lot for 45 minutes to arrest Brandt for violating 803(3) Model Traffic Code. The officer testified that he did not witness any of the alleged incident first hand but relied on a report by an offended motorist who later provided a written statement. That statement was provided to the Court by the officer, but no actual witnesses were ever brought to testify. Brandt conducts Pro Se final hearing in April 2016 where he completely devours the officer as well as the incompetent magistrate ultimately prevailing. Stapp's findings, while inaccurate and bizarre, result in dismissal; -- Right answer, albeit – wrong reasons.

This case contributes to the long-running custom and practice by Adams County Sheriff's Office to neglect to properly train and supervise deputies at he expense of the Public's welbeing. The misapplication of 803(3) jaywalking code is so systemic as to effectively constitute a policy.

STATUS:          CIVIL LITIGATION PENDING

# EXHIBIT D   LIST OF RELEVANT ADRIAN BROWN CASES

**U.S. DIST      17-cv-01635   BROWN V STOVALL ET. AL.**

> COMPANION:        17-cv-01634, BRANDT V. STOVALL ET. AL.
> DESCRIPTION:      §1983 action against Adams County for redress following unlawful arrest
> for disorderly conduct at the intersection of 54th Place and Raritan Way
> in retaliation for silent symbolic expressive gestures displayed on
> clothing, flags, and by hand leading to vocal remonstrations against the
> ensuing unlawful detention.
>
> STATUS:           NEW

**U.S. DIST      16-cv-00336   BROWN V MCINTOSH ET. AL.**

> DESCRIPTION:      §1983 action for redress following some dozen unlawful arrests for
> Trespassing while panhandling at the intersection of I76 and Sheridan
> Off-ramp between February 2014 and March 2016.  Each arrests resulted
> in final dispositions in favor of Mr. Brown – specifically, they have been
> repeatedly, and unwaiveringly found to have been
> "UNCONSTITUTIONALLY APPLIED".
>
> STATUS:           DISCOVERY / DEPOSITIONS

**ADAMS COUNTY      2015M2904   STOVALL 2015JUL05**

> DESCRIPTION:      Criminal proceeding stemming from the 2015JUL05 unlawful arrest of
> Mr. Brown by Deputy Stovall alleging Disorderly Conduct -
> Unreasonable Noise at the intersection of 54th Place and Raritan Way in
> retaliation for silent symbolic expressive gestures displayed on clothing,
> flags, and by hand leading to vocal remonstrations against the ensuing
> unlawful detention.  The criminal proceedings terminated in Mr. Brown's
> favor when they were dismissed by the Prosecution 2016FEB25.
>
> STATUS:           DISMISSED;
>                   SOURCE OF INSTANT MATTER

# EXHIBIT D   LIST OF RELEVANT ADRIAN BROWN CASES

ADAMS COUNTY          2015R5542    JAYWALKING – DEPUTY MESCH

DESCRIPTION:    Criminal proceeding stemming from the 2015NOV01 unlawful and
selective arrest of Mr. Brown by Deputy Robert Mesch near 55th and Zuni
in retaliation for Mr. Brown's ongoing speech and activism and in
retaliation for his civil rights lawsuit where Deputy Mesch is a named
defendant.  Mr. Brown was walking together with associate Jennifer
Duvall on a public sidewalk in a neighborhood which is devoid of any
traffic control signals.  The two crossed the street together at other than a
marked crosswalk, while yielding the right of way to any vehicular
traffic, of which there was none, as permitted by the Model Traffic Code.
As they finished their crossing, they observed Deputy Mesch driving a
marked patrol vehicle turn onto their street a few blocks away and speed
past them.  As they walked down 55th and approached the middle of the
block, Deputy Mesch was observed stopped up the block watching them.
As they continued walking, Mesch stopped Adrian Brown and called for
backup; two other deputies arrived in response.  Ms. Duvall was told by
Mesch Mr. Brown was a very dangerous man and she should stay away
from him for her safety.  He further advised her that Adrian Brown and
Eric Brandt are the most notorious cop haters in all of Colorado and it is
his duty to issue them a citation for something every time he sees them.
Mr. Brown was unlawfully charged with jaywalking.  Ms. Duvall, despite
having matched Mr. Brown's steps and actions simultaneously to his was
not issued any citations.  This vindictive, selective unlawful prosecution
was ultimately dismissed by the Court on 2016MAR02 only weeks
following Mr. Brandt and Mr. Brown prevailing on their three Deputy
Mesch related Trespassing at I76 and Sheridan arrests and their two
Deputy Stovall arrests.  This case contributes to the long-running
conspiracy against rights by Adams County Sheriff's Office.

STATUS:       DISMISSED BY COURT
CIVIL LITIGATION PENDING

# EXHIBIT D   LIST OF RELEVANT ADRIAN BROWN CASES

ADAMS COUNTY          2016R4702    FM DAY ACTION – JAYWALKING
> DESCRIPTION:    Criminal proceedings stemming from a demonstration action 2016SEP28
> near FM DAY Elementary School where Mr. Brown was a functioning as
> a journalistic observer collecting content for a story. Eric Brandt had
> been unlawfully arrested wrongfully alleging a violation of a protection
> order. Jenna Brown, who had been demonstrating, was recording the
> incident when officers instructed her to cross the street. She was
> immediately taken into custody for allegedly jaywalking (misapplication
> of law). Mr. Brown followed the officers crossing the same street while
> recording Jenna Brown's arrest. Mr. Brown was immediately unlawfully
> taken into custody alleging jaywalking (misapplication of law). The
> jaywalking charge, filed independently, was dismissed by the Court
> 2017JAN11. This case contributes to the long-running conspiracy against
> rights by Adams County Sheriff's Office.

> STATUS:        2017JAN11    DISMISSED BY COURT;
> CIVIL ACTION PENDING


ADAMS COUNTY          2016M4304    FM DAY ACTION – RESIST, OBSTRUCT, LOITER
> DESCRIPTION:    Criminal proceedings stemming from the same incident as 2016R4702.
> In addition o the jaywalking allegation, additional criminal charges were
> brought on a separate docket. This unlawful arrest and prosecution
> alleges Mr. Brown Obstructed Officers and Resisted Arrest while being
> arrested for the jaywalking allegation. Despite the predicate unlawful
> jaywalking arrest having been dismissed, these two dependent charges
> persist. Additionally, lacking virtually every element and posessing the
> statutory affirmative defense, the charge of Loitering Near Schools was
> unlawfully added as well, which also persists. This case contributes to
> the long-running conspiracy against rights by Adams County Sheriff's
> Office.

> STATUS:        TRIAL BY JURY ANTICIPATED AROUND 2017OCT
> ACQUITTAL ANTICIPATED;
> CIVIL LITIGATION PENDING

# EXHIBIT D   LIST OF RELEVANT ADRIAN BROWN CASES

**ADAMS COUNTY          2016CR1934  KINGSLEY ASSAULT**

DESCRIPTION:          Despite written orders by the Sheriff to stand down on the trespassing
arrests at I76 and Sheridan, the evidence shows there was a different,
unwritten scheme, to escalate against Adrian Brown and the other area
homeless near I76 and Sheridan.  Following weeks of warnings by
deputies arrests would soon resume, on 2016JUN10 the did just that.
Jennifer Duvall, a homeless woman in the area, was arrested about
7:20am.  Zachariah Brown, Adrian Brown's brother, panhandled in
protest of Ms. Duvall's arrest and was arrested around 11:30am.  Adrian
Brown came in support of the two and in protest of their arrests and
attempted in vain to persuade Deputy Kingsley with his documentation.
Failing this, Mr. Brown took his post panhandling to which Deputy
Kingsley responded with violence and senselessly assaulted Mr. Brown,
beating him into the ground and charging Mr. Brown with assaulting an
officer, Obstruction, Resisting Arrest and Trespassing.  Austin Johnson,
who was recording the incident nearby, was handcuffed without warning
and despite prohibitions in recently enacted legislation (HB15-1290),
deputies ripped the recording device from his hands and took it.  When
the unlawfully confiscated device was finally returned months later, it
was discovered that the critical recording of the assault had been deleted
while in Adams County Sheriff's Office custody.  Utterly incredibly,
despite the recovery and subsequent online publishing of that deleted
video along side Kingsley's falsified official statement, Adams County
District Attorney persists with this prosecution more than a year later.
This case contributes to the long-running conspiracy against rights by
Adams County Sheriff's Office.

STATUS:          JURY TRIAL ANTICIPATED AROUND 2017SEP;
ACQUITTAL LIKELY;
CIVIL LITIGATION PENDING

# EXHIBIT D   LIST OF RELEVANT ADRIAN BROWN CASES

ADAMS COUNTY          2016M1265   TRIPLE TRESPASS, BROWN, BRANDT, JOHNSON
    DESCRIPTION:          Criminal proceedings stemming from 2016MAR20 where Mr. Brown
          was surrounded by at least five Adams County Deputies alleging
          Trespassing while panhandling at I76 and Sheridan. This incident comes
          mere weeks after Eric Brandt received the identical Unconstitutionally
          Applied findings as in Mr. Brown's original 14M665 case under identical
          circumstances, and Mr. Brown's two outstanding identically situated
          cases were dismissed, and Mr. Brown filed 16-cv-00336, BROWN V
          MCINTOSH ET. AL. for the nearly one dozen identically situated,
          dismissed cases. In this incident, Mr. Brandt arrived on scene to support
          Mr. Brown and ensure the officers were advised on the Court's findings
          and Mr. Brown's lawsuit. Austin Johnson merely came over to ask what
          was going on and all three were arrested for trespassing. These three
          cases were dismissed by the Trial Court at disposition 2016AUG12
          following the Brandt and Brown findings by the Court: –
          UNCONSTITUTIONALLY APPLIED. This case contributes to the
          long-running conspiracy against rights by Adams County Sheriff's Office.

    STATUS:          DISMISSED BY COURT;
          CIVIL LITIGATION PENDING – BRANDT, JOHNSON
          ACTIVE LITIGATION 16-cv-00336, BROWN V MCINTOSH ET. AL

ADAMS COUNTY          TRESPASS AT I76 AND SHERIDAN
          These cases are each identical in circumstances to all other Trespass at I76
          and Sheridan cases. These cases contribute to the long-running
          conspiracy against rights by Adams County Sheriff's Office.

    2014M665          2014FEB13 ***ORIGINAL DOYLE DISMISSAL –
          UNCONSTITUTIONALLY APPLIED
    2014M977          2014MAR07
    2014M1163          2014MAR18
    2014M1386          2014MAR27
    2014M4161          2014AUG26
    2014M5237          2014NOV05
    2015M3693          2015AUG23
    2015M3715          2015AUG24

    STATUS:          ACTIVE LITIGATION 16-cv-00336, BROWN V MCINTOSH ET. AL

# EXHIBIT D   LIST OF RELEVANT ADRIAN BROWN CASES

<u>ADAMS COUNTY</u>          <u>NO CASE NUMBER</u>          <u>FIREWOOD TRESPASS ARRESTS</u>

DESCRIPTION:      on 2017FEB05, criminal proceedings were initiated against Adrian Brown, Jennifer Duvall, David Kohs and James Balenfensien alleging Trespass, Theft and Obstruction – sort of... Eric Brandt and Jenna Brown, notably were not charged with trespass despite being on the exact same property at the exact same time and despite Mr. Brandt was demanding he also be equally cited as the others. Some time after Mr. Brown obtained property owner permission to reclaim firewood from the brush pile behind the house, Kohs, Duvall and Balenfensien assist Brown in the task. Adams County Deputies arrive on scene after neighbors reported suspicious activity. Contacting the homeowner, it is determined they indeed had permission. Brandt and Jenna Brown, having been contacted and appraised of the situation, walk the two blocks from home to record the incident. Deputy Cook is not satisfied and the homeowner comes to the location where he is lectured and persuaded to file criminal charges against this group of very dangerous people, who are very dangerous people. All six are ordered to the edge of the property where trespassing citations will be issued to the first four only. All six comply immediately, but as Mr. Kohs attempts to get in his van to drive it up there and off the property he is confronted and advised the vehicle is being impounded. When Mr. Kohs tells the deputies they cannot steal his vehicle, they immediately take him into custody and add Obstruction and theft to his trespassing charge. The justification for impounding the vehicle changes several times before landing on "incident to arrest". None of the reasons are lawfully applicable. Kohs continues to face prosecution, but strangely, none of the other three summonses ever appeared on the court docket as they were never sent over for prosecution from the Sheriff's office. It is likely Mr. Brandt was persuasive advising the Sergeant that the cases were completely outrageous on multiple fronts including Actual permission, good faith belief of permission, castle walls doctrine, and selective prosecutions for not charging Brandt and Jenna Brown. In another strange twist of fate and like Deputy Stovall, a few months after this arrest, Deputy Cook was placed on administrative leave pending his own criminal prosecution where he allegedly KICKED a suspect off of a rooftop during an arrest. This is the Fourth arrest of Jennifer Duvall. THIRD arrest of David Kohs, and FIRST arrest of James Balenfensien each in direct association with Eric Brandt and Adrian Brown. This case is an embarrassing example contributing to the long-running conspiracy against rights by Adams County Sheriff's Office.

STATUS:           CIVIL LITIGATION PENDING

# EXHIBIT E    RELEVANT LOCAL MEDIA REGARDING STOVALL

# EXHIBIT COVER SHEET

EXHIBIT E:                RELEVANT LOCAL MEDIA REGARDING STOVALL

# Grand jury to review Adams County deputy's kick

POSTED 9:00 PM, NOVEMBER 9, 2015, BY CHRIS HALSNE



*This is an archived article and the information in the article may be outdated. Please look at the time stamp on the story to see when it was last updated.*

**Grand Jury to review Adams County deputy's kick**



ADAMS COUNTY, Colo. -- According to a source familiar with the process, the Adams County District Attorney will ask a grand jury to consider criminally indicting a sheriff's deputy who was caught on camera kicking an innocent man outside a Denver bar.

A FOX31 Denver investigation first revealed that deputy Jeffery L. Stovall failed to mention taking a running kick at 31-year-old Alejandro Resendiz during a violent arrest outside Karely's at West 70th Avenue and Pecos Street in May.

That oversight became a serious issue after FOX31 Problem Solvers revealed security camera footage of the event. The 15-year veteran Stovall remains employed by the sheriff's office "in a position that doesn't require public contact" as an internal investigation continues.

In addition, FOX31 Problem Solvers have learned that Adams County District Attorney Dave Young will present evidence to a secret grand jury that Stovall committed a felony the night Resendiz was arrested.

Kicking deputy has disciplinary history

This is not the first time Stovall has been in trouble while on-the-job. Under the Open Records Act, FOX31 Denver asked the sheriff's office for Stovall's discipline history, but the request was denied citing the "records weren't in the public interest."

However, Stovall was recently questioned under oath for a deposition in a federal civil lawsuit that accused him and other Adam's County deputies of, among other things, excessive force.

During his questioning, he listed his own history of the incidents in which he had been investigated for alleged wrongdoing.

In 2013, Stovall was criminally investigated but cleared for accidentally discharging his M16 rifle three times -- shooting a drug suspect in the leg.

Stovall also admitted in court that he had lost about 80 hours in pay for various policy violations including:

- A suspension for punching a suspect in the head
- Unprofessionalism for putting pepper spray inside an inmate's coffee
- Letter(s) of reprimand for shooting his own fingers off during a training accident
- Letter of reprimand for driving violations

Additionally, he self-reported that he had been removed from positions in SWAT, a drug task force and as a training officer.

**Deputy named in ongoing civil rights suit**



Jeffrey Hulse and Kelly McCain

Jeffrey Hulse and his wife Kelly McCain are suing the Adams County Sheriff's Office and Stovall for two April 2013 incidents.

According to federal lawsuit documents and Hulse's testimony, Stovall came into the couple's bedroom in the middle of the night without a warrant after erroneously believing Hulse had fired a gun in the neighborhood.

"(Stovall) came in and slammed the bedroom light on and approached me with his duty weapon drawn, shoved it very firmly into the back of my head and told me don't move. Never identified himself as anybody," Jeffrey Hulse said.

Stovall reportedly left the house and returned later with reinforcements. Kelly McCain recorded part of the second encounter on her cellphone.



Jeff Hulse arrest

It shows Hulse cooperating with his hands up while asking if the deputies had a warrant. Telling him "no," the deputies yanked Hulse out the front door and into the yard. Hulse said this is where he got roughed up, chipping a tooth.

"I got both my hands up the whole time," Hulse said. "I'm trying to talk to them and getting punched in the chest, double-fisted, and grabbed and pulled and thrown to the ground much like (Kelly) did. If I had at least two deputies on my back, one wailing on me."

But Stovall was not one of those hitting Hulse the second time the deputies came to his home because he is seen and heard on video ordering McCain to stop recording her husband's arrest. Video shows Stovall putting his flashlight into the lens and telling her to sit down inside the house.

McCain hopes the Adams County Sheriff's Office will finally take the discipline of Stovall seriously.

"If it was just a citizen that did these things, they'd be under arrest," McCain said. "They'd be serving time in prison. I would at least like to see him lose his job, if not more. We've come forward and two other gentlemen came forward (Resendiz). How many haven't? How many people has this been done to and got away with it?"

Hulse, whose father was a longtime law enforcement officer, agrees.

"To start with, he should be terminated and I would really like to see him criminally prosecuted," he said. "I think these are criminal acts he's committing under the color of authority."

Since 2005, records show Adams County has paid $401,500 to settle seven excessive force complaints against the sheriff's office and its employees.

That does not include the ongoing case for Hulse and McCain nor the one that will likely be filed in the coming months against Stovall and other deputies on scene by Resendiz.

"Although we appreciate your inquiry, the case you mentioned is an ongoing active investigation and we cannot discuss its progress," Adams County Sheriff Michael McIntosh said in a statement last month about Stovall. "All citizens including employees of the Adams County Sheriff's Office have a right to due process, therefore details involving this case and personnel matters remain confidential."









**Larimer County sheriff's deputy shoots, kills suspect who crashed stolen car**

